UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SPENCER RANDALL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 1:18-cv-00086-DBH |
| | ) | |
| MAS MEDICAL STAFFING | ) | |
| CORPORATION, | ) | |
| | ) | |
|     Defendant | ) | |

**ORDER ON DISCOVERY ISSUES**

On September 14, 2018, the Court conducted a telephonic conference to address certain discovery issues related to Defendant's request that Plaintiff produce "[a]ny and all documents concerning your employment and separation from employment with Lee Residential Care." The issues involve (1) Plaintiff's personnel file maintained by a former employer, Lee Residential Care, and (2) documents generated in connection the resolution of Plaintiff's claim against Lee Residential Care before the Maine Human Rights Commission.

**Discussion**

### 1. Personnel records

Plaintiff agreed to request a copy of his personnel file maintained by Lee Residential Care, and shall produce to Defendant a copy of the file.

### 2. Settlement documents

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …" Fed.

R. Civ. P. 26(b)(1). Defendant contends the settlement-related documents are relevant to this proceeding because of the temporal relationship between the time frame at issue in the matter before the Commission and the pertinent time frame in this case. Defendant more specifically argues that the settlement documents are relevant to the damages that Plaintiff seeks in this action.

Plaintiff does not necessarily challenge Defendant's relevance argument. Plaintiff maintains that the Maine Human Rights Act (the Act) precludes the production of the settlement-related documents.

In accordance with the Act, the Maine Human Rights Commission affords parties the opportunity to resolve a claim on the Commission's docket before the Commission determines whether reasonable grounds exist for the claim. In relevant part, the Act provides:

> Evidence of conduct or statements made in compromise settlement negotiations, offers of settlement and any final agreement are confidential and may not be disclosed without the written consent of the parties to the proceeding nor used as evidence in any subsequent proceeding, civil or criminal, except in a civil action alleging a breach of agreement filed by the commission or a party. Notwithstanding this paragraph, the commission and its employees have discretion to disclose such information to a party as is reasonably necessary to facilitate settlement.

5 M.R.S. § 4612(1)(a).

Because Plaintiff has asserted a federal claim, "federal law governs the discovery of information protected by a state confidentiality statute." *Burnett v. Ocean Props.*, *Ltd*., No. 2:16-cv-359-JAW, 2017 WL 3262163, at *1 (D. Me. July 31, 2017) (quoting *Steinberg v. Mount Sinai Med. Ctr.*, *Inc*., No. 1:12-cv-51, 2014 WL 1311572, at *2 (E.D.N.Y. Mar.

31, 2014)).  If the requested information is "confidential but not privileged," Rule 26 does not protect the information from discovery.[1] *Steinberg*, 2014 WL 1311572, at *2.  When assessing whether to apply a state confidentiality statute, a federal court must balance the interest in disclosure "against the state's legitimate concern for protecting the confidentiality of the requested information." *Id*. at *3 (quoting *Bliss v. Putnam Valley Cent. Sch.*, No. 7:06-cv-15509, 2008 WL 4355400, at *1 (S.D.N.Y. Sept. 22, 2008)).

Here, the objective of the confidentiality provision of the Act is undoubtedly, at least in part, to encourage parties to engage in good faith settlement discussions without concern that the parties' private negotiations will become public or be used in any subsequent litigation involving the parties should the negotiations be unsuccessful.  The state's concern is legitimate.  In fact, some of the same concerns underlie Federal Rule of Evidence 408, which limits the admissibility of statements made during settlement negotiations.

The state's concerns, however, can be addressed adequately through the confidentiality order issued in this case.  (Order, ECF No. 13.)  The documents can be designated as confidential in accordance with the order, which would limit the

---

[1] Even where state law affords a party to litigation a privilege against disclosure, federal courts generally do not recognize the privilege unless the interest it protects is especially substantial.  In *University of Pennsylvania v. EEOC*, 493 U.S. 182 (1990), the Supreme Court wrote:

> We do not create and apply an evidentiary privilege unless it promotes sufficiently important interests to outweigh the need for probative evidence[.]  Inasmuch as testimonial exclusionary rules and privileges contravene the fundamental principle that the public … has a right to every man's evidence, any such privilege must be strictly construed.

493 U.S. at 189 (citations and internal quotation marks omitted).

dissemination of the documents and reduce the likelihood of public disclosure of the information.  To the extent any of the documents are within the scope of a recognized privilege, Plaintiff can assert the privilege, provided Plaintiff also produces a privilege log.

The Court recognizes that the matter before the Commission and the documents involve a third-party (Lee Residential Care) that is not a party to this action.  The Court, therefore, will afford Lee Residential Care the opportunity to be heard should it object to the production of the documents.

### Conclusion

Based on the foregoing analysis, the Court finds the settlement-related documents generated in connection with the proceedings before the Maine Human Rights Commission in the matter involving Plaintiff and Lee Residential Care (the documents) are relevant and subject to discovery in this matter.  Accordingly, the Court orders:

1.  Plaintiff shall produce to Defendant his personnel file maintained by Lee Residential Care.

2.  Subject to paragraph 3 below, Plaintiff shall produce the documents as confidential documents under the confidentiality order issued in this case and subject to any recognized privilege Plaintiff believes might apply.

3.  Before Plaintiff produces the documents, Plaintiff shall provide Lee Residential Care with a copy of this Order.  If Lee Residential Care objects to the production of the documents, within 14 days of the date of this Order, Lee Residential Care shall file a request to intervene on the issue.  If Lee Residential Care does not seek to intervene within 14 days of the date of this Order, Plaintiff shall produce the

documents in accordance with paragraph 2 above.  If Lee Residential Care files a request to intervene, Plaintiff shall not produce the documents without further order of the Court.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of September, 2018.